# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> VILLAGE OF DIXMOOR, JOSEPH FALICA, JR., MICHAEL R. MORGAN, NICHOLAS GRAVES, TASSO J. KACHIROUBAS, JOHN MEDUGA, WILLIE DAVIS, JAMES KIZART, JESSE GARCIA, RICHARD PACKERT, JONATHAN BARR, ROBERT TAYLOR, JAMES HARDEN, ROBERT VEAL, SHAINNE SHARP, <br><br> Defendants. | No. 13 CV 6392 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Scottsdale Insurance Company ("Plaintiff") has filed a complaint against Village of Dixmoor ("Dixmoor" or the "Village"), Joseph Falica, Jr., Michael R. Morgan (collectively referred to as the "Dixmoor Insureds"), Jonathan Barr, Robert Taylor, James Harden, Robert Veal, Shainne Sharp ("Civil Rights Plaintiffs"), Nicholas Graves, Tasso J. Kachiroubas, John Meduga, Willie Davis, James Kizart, Jesse Garcia, and Richard Packert ("Illinois State Police" or "ISP") (collectively referred to as the "Defendants") seeking declaratory judgment. Currently before the court is Defendant Dixmoor Insureds' motion to dismiss Counts III through VIII and Defendant Civil Rights Plaintiffs' motion to dismiss the Complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). For the following reasons, the motion is granted in part and denied in part.

**I.    BACKGROUND**

Dixmoor purchased insurance policies from Scottsdale Insurance Company ("Scottsdale"), an insurance corporation authorized to transact and conduct insurance business in the State of Illinois. Scottsdale then issued policies, including law enforcement liability policies, public entity policies ("Public Entity Policies"), and commercial liability umbrella policies ("Umbrella Policies"), to Dixmoor. Scottsdale insured Dixmoor for multiple years, including from October 1991 through October 1993 and October 2004 through April 2007. *See* Compl. at 3-4 (Docket No. 1).

In November 1991, an investigation was led by the Dixmoor Police Department of the rape and murder of a 14-year-old girl, Cateresa Matthews. This investigation continued until the above-named Dixmoor and ISP officers arrested each of the Civil Rights Plaintiffs, allegedly subjecting them to coercive interrogations and extracting their false confessions in October 1992. *Id.* Subsequently, Civil Rights Plaintiffs were convicted as teenagers for the rape and murder of Cateresa Matthews, spending 75 collective years imprisoned for this crime.

Between November 2011 and January 2012, the Civil Rights Plaintiffs were all exonerated in post-conviction proceedings in the Circuit Court of Cook County, based in part on new DNA testing and secured Certificates of Innocence. On or about September 9, 2013, the Civil Rights Plaintiffs each filed lawsuits against Dixmoor, as well as Dixmoor and Illinois State Police officers, alleging improper detention and interrogation in October 1992 and seeking damages for their wrongful convictions and incarceration. Specifically, the complaints in the underlying proceedings allege a variety of federal and state law claims, including violations of due process, coercive interrogation, conspiracy to deprive the plaintiffs of their constitutional rights, civil conspiracy, malicious prosecution, intentional infliction of emotional distress,

respondeat superior, failure to intervene, and indemnification claims against Dixmoor.

Dixmoor Insureds claim coverage from Scottsdale as insureds or protected persons for the aforementioned lawsuits filed and currently pending in this district. In response to Dixmoor Insureds' coverage request, Plaintiff Scottsdale filed a Complaint in this district seeking a declaration from this Court that it owes no obligation under the subject policies of insurance to Defendants regarding the underlying lawsuits.

Now, Defendants Civil Rights Plaintiffs and Dixmoor Insureds move to dismiss Plaintiff Scottsdale's Complaint seeking declaratory judgment. First, Dixmoor Insureds move to dismiss Counts III through VIII of Plaintiff's Complaint for Declaratory Judgment, pursuant to Fed. R. Civ. P 12(b)(6). Second, Civil Rights Plaintiffs move to dismiss Plaintiff's Complaint in its entirety, pursuant to Fed. R. Civ.P. 12(b)(1) and 12(b)(6), arguing that Plaintiff's motion is premature as there has not yet been a determination of Defendant's liability in the underlying litigation. Civil Rights Plaintiffs contend that any finding regarding Plaintiff's potential obligation to indemnify Dixmoor Insureds requires a determination as to the ultimate facts in the underlying lawsuits against Plaintiff.

## II. STANDARD OF REVIEW

*Dismissal under Federal Rule of Civil Procedure 12(b)(1)*

Under Article III of the United States Constitution, a party seeking to invoke federal court jurisdiction must present an actual case or controversy. *See Flast v. Cohen,* 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). For a case or controversy to be ripe for decision, the injury in question must be "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Allegations of merely possible future injury do not satisfy the requirements of Article III. *Whitmore v. Arkansas,* 495 U.S. 149, 158, 110

S.Ct. 1717, 109 L.Ed.2d 135 (1990) (internal quotations and citations omitted). Therefore, to be justiciable, a question must demonstrate a live controversy ripe for resolution by the federal courts. *Renne v. Geary*, 501 U.S. 312, 326, 111 S.Ct. 2331, 2341 (1991). The requirement that a question be justiciable also applies to suits seeking declaratory relief. *See Deveraux v. City of Chicago,* 14 F.3d 328, 330 (7th Cir.1994); 28 U.S.C. § 2201. Where there is no justiciable question before the court, the court has no subject-matter jurisdiction and the claim must be dismissed pursuant to Fed. R. Civ. P 12(b)(1).

*Dismissal under Federal Rule of Civil Procedure 12(b)(6)*

The Court may dismiss claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert,* 344 F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.,* 389 F.3d 719, 724 (7th Cir.2004)(quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

The parties agree that Illinois substantive law applies. I first address Counts III through IX, and then turn to Counts I and II.

## III.  DISCUSSION

Counts III, IV, V, and VI

Plaintiff seeks a declaration that it owes no obligation under the subject policies of insurance to the tendering defendants regarding the underlying lawsuits. Specifically, Plaintiff alleges that a number of acts are not covered by any of Scottsdale's policies: Count III

4

(intentional acts undertaken with the intent to cause harm); Count IV (acts committed outside the scope of duties); Count V (acts that intended, expected, or reasonably could have expected injury); and Count VI (criminal, malicious, fraudulent, or dishonest acts). Defendants move to dismiss Counts III through VI of Plaintiff's Complaint for Declaratory Judgment, pursuant to Fed. R. Civ. P 12(b)(6), because each of these counts require the determination of ultimate facts at issue in the underlying litigation and so, are not ripe for resolution.

A declaratory judgment action is not intended to permit hypothetical cases to be brought before the court to enable parties to secure advisory opinions or legal advice from the court with regard to future controversies. *Weber v. St. Paul Fire*, 251 Ill. App. 3d 371, 373, 622 N.E.2d 66, 68 (3d Dist. 1993). For a controversy to be ripe for consideration, matters critical to liability in an underlying case should be completed in the underlying lawsuit before it is litigated in a declaratory judgment action. *Fidelity & Casualty of New York v. Envirodyne Engineers, Inc.*, 122 Ill.App.3d 301, 307, 46 N.E.2d 471, 475 (1st Dist. 1983); *Landmark American Ins.*, 2011 IL App (1st) 101155 (Dec 5, 2011); *Allstate Insurance Co. v. Kovar,* 363 Ill.App.3d 493, 501, 299 Ill.Dec. 916, 842 N.E.2d 1268 (2006), *Maryland Casualty v. Peppers*, 64 Ill. 2d 187, 197, 355 N.E.2d at 24-30 (1976). To the extent a declaration relies on the determination of ultimate questions of fact that remain at issue in the underlying litigation, the question is not ripe for determination and declaratory judgment is inappropriate. *Allstate Insurance Co. v. Kovar,* 363 Ill.App.3d 493, 501, 299 Ill.Dec. 916, 842 N.E.2d 1268 (2006) (citing *Peppers,* 64 Ill.2d at 197, 355 N.E.2d 24).

Here, a declaration regarding each of these counts would require this Court to decide both whether Defendants committed misconduct—for example, whether the acts were intentional or outside the scope of employment—during their investigation and whether their actions were

5

committed such that they are covered under Scottsdale's insurance policies. In Count III, Plaintiff asserts that the underlying lawsuits allege intentional acts undertaken with the intent to cause harm and seeks a judgment declaring that Defendants are not covered by its policies. It is, however, premature to decide whether an insurance policy's intentional acts exclusion applies where such a determination might preclude the insured from asserting, in the underlying litigation, that its conduct was not intentional. *Peppers*, 64 Ill. 2d 187, 196, 355 N.E.2d at 24-30 (1976) (premature declaration by trial court that injury in an underlying case was caused by intentional act was an abuse of discretion); *Landmark American Ins. Co. v. NIP Group*, *Inc.*, 2011 IL App (1st) 101155, 356 Ill.Dec 877, 895, 962 N.E.2d 562, 580 (1st Dist. Ill., Dec. 5, 2011).

Any determination of whether alleged "intentional" acts should be excluded from coverage under Scottsdale's policies is not an appropriate coverage opinion while the underlying complaints are ongoing. *Id*. The question of whether an act was intentional is an ultimate fact that should be decided in the underlying litigation. Likewise, questions regarding the scope of duties (Count IV), expectations or state of mind while acting (Count V), and the nature of the acts (Count VI) are ultimate facts that must be determined in the underlying litigation. Consequently, the Court finds that, under all the circumstances, the allegations of Counts III through VI are insufficient to show that there is a substantial ripe controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

<u>Count VII</u>

Plaintiff seeks judgment that coverage does not exist under any Scottsdale policy for punitive damages in the underlying lawsuit under Count VII. Plaintiff does not, however, allege that there has been an award of punitive damages to Civil Rights Plaintiffs, or that punitive

6

damages are warranted and have been awarded. As previously stated, it is inappropriate for this Court to issue declaratory judgments related to questions of fact—here, whether coverage exists under Scottsdale policies for punitive damages—before any such findings have been made in the underlying case. *Peppers*, 64 Ill. 2d at 196. Consequently, there is currently no controversy ripe for consideration regarding whether a claim for punitive damages is insurable, and Count VII must be dismissed.

Count VIII

Defendants Tasso Kachiroubas, John Meduga, Willie Davis, James Kizart, Jesse Garcia, and Richard Packert ("Illinois State Police" or "ISP") are alleged to be employees of the Illinois State Police in the underlying lawsuits. There is no allegation that Defendants ISP have sought coverage under Scottsdale's policies or that any other Defendant has sought coverage under Scottsdale's policies on behalf of ISP. Plaintiff, however, seeks a judgment in its favor declaring that coverage does not exist under any Scottsdale policy for Defendants ISP under Count VIII. Again, there is no dispute about ISP's coverage and so, no controversy at issue. Plaintiff is not entitled to an advisory opinion regarding coverage. Accordingly, Count VIII must be dismissed.

Count IX

Plaintiffs allege that there is no coverage under the general liability coverage or public officials coverage sections of the Scottsdale Entity Policies for law enforcement activity, and that the underlying lawsuits state actions relating to law enforcement activity. With no finding of liability in the underlying complaints, the question of whether Plaintiff's policies cover Defendants is not yet ripe for consideration, and Count IX is dismissed.

Count I

Plaintiff seeks a declaration under Count I that it has no obligation, under Scottsdale

policies, to defend or indemnify Dixmoor, its police officers, or any tendering defendants against the underlying lawsuits. Civil Rights Plaintiffs move to dismiss Count I by arguing that the question of Plaintiff's duty to indemnify is not ripe for consideration because the Dixmoor Insureds have not been held liable or legally obligated to pay damages. The question of whether Plaintiff is obligated to indemnify Defendants for damages is hypothetical as Defendants have not yet been found liable for any damages. As discussed previously, declaratory judgment as to indemnification is premature and not ripe for consideration prior to the resolution of the underlying litigation. *Maryland Cas. Co. v. Chicago and North Western Transp. Co.*, 126 Ill. App. 3d 150, 156-57 (1st Dist. 1984). That the question of Plaintiff's duty to indemnify is not ripe remains true even if there is later an ultimate finding that the policy does not apply. For this reason, Defendants' motion to dismiss Count I is granted as to the duty to indemnify.

The duty to defend, however, is a broader duty that is separate and distinct from the duty to indemnify. *Conway v. Country Casualty Insurance Co.*, 92 Ill.2d 388, 394 (1982). Although the duty to indemnify arises only when the insured becomes legally obligated to pay damages in the underlying action, the question of whether the insurer has a duty to defend is ripe for consideration upon presentation of a complaint for damages. *Johnson v. State Farm Fire & Casualty Co.*, 346 Ill.App.3d 790, 795 (2004); *Central Illinois Light Company v. Home Insurance Com.*, 213 Ill. 2d 141, 158, 821 N.E.2d 206 (2004). Here, the duty to defend became ripe for consideration upon presentation of the complaints in the underlying proceedings in which Dixmoor Insured Defendants sought damages. As the question of whether the Plaintiff has a duty to defend is ripe for consideration, the motion to dismiss Count I is denied as to the duty to defend.

Count II

Plaintiff next contends under Count II that the allegations in the underlying lawsuits do not trigger coverage under any policy issued by Scottsdale because Defendants' allegations do not fall within the effective policy periods of any of the Scottsdale policies at issue. Specifically, Plaintiff argues that coverage under their policies is not triggered unless a claim accrues during their policy period—regardless of when the misconduct alleged in the claim occurred—and that the underlying complaints accrued outside the policy periods. Defendants contend that if even a single claim potentially falls within the policy's coverage, independent of the merit, a duty to defend exists. *Valley Forge Insurance Co.,* 223 Ill.2d at 363, 307 Ill.Dec. 653, 860 N.E.2d 307 (2006).

As previously stated, whether Plaintiff has a duty to indemnify Defendants and whether specific acts are covered under Scottsdale policies are questions that are not yet ripe for resolution until determination of liability in the underlying proceedings. The question of whether there is a duty to defend Defendants in the underlying lawsuit became ripe for consideration upon presentation of a complaint for damages. However, Count II requires a determination of when the trigger occurred for each of the claims—questions of ultimate facts in the underlying complaint. To that end, Count II is not ripe for consideration, and Civil Rights Plaintiffs' motion to dismiss Count II is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted in part and denied in part. Dixmoor Insureds' motion to dismiss Counts III, IV, V, VI, VII, and VIII are granted. Civil Rights Plaintiff's motion to dismiss Counts II and IX is granted. With respect to Count I, Civil Rights Plaintiff's motion to dismiss is granted as to the duty to indemnify, and denied as to the duty to defend.

ENTER:

James B. Zagel
United States District Judge

DATE: April 8, 2014